Curtis R. Hussey
USB No. 5488
Hussey Law Firm, LLC
82 Plantation Pointe #288
Fairhope, AL 36532
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com
*Attorney for Plaintiff*

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| Jeremy Stark, | ) Case No. 2:20-cv-00269-HCN |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Credit Corp Solutions, Inc., | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.     Plaintiff Jeremy Stark ("Plaintiff") brings this action against Defendant Credit Corp Solutions, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION, STANDING, AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

7. The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Id.* at 1117.

8. "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

9. Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard. "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

**PARTIES**

10. Plaintiff is a natural person.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. Prior to September 16, 2019, Defendant began placing telephone calls to Plaintiff in connection with the collection of the Debt.

19. Defendant would call Plaintiff at various times throughout the day.

20. On or about September 16, 2019, Plaintiff answered one of Defendant's collection calls and requested that Defendant not call him prior to 6:30 p.m. ET.

21. Plaintiff explained that Defendant's calls interfered with his job.

22. However, despite Plaintiff's demand, Defendant continued placing collection calls to Plaintiff prior to 6:30 p.m. ET.

23. On September 20, 2019, September 23, 2019, and September 30, 2019, Plaintiff orally requested that Defendant stop calling him prior to 6:30 p.m. ET.

24.     Despite knowledge that any calls before 6:30 p.m. ET were inconvenient, Defendant continued placing collection calls to Plaintiff prior to that time.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

25.     Plaintiff repeats and re-alleges each factual allegation above.

26.     "A debt collector who has received a cease communications order from a debtor must not contact the debtor unless it has received a clear waiver of that order." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1172 (9th Cir. 2006).

27.     Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 22, 2020.                    Respectfully submitted,

s/Curtis R. Hussey
Curtis R. Hussey
USB No. 5488
Hussey Law Firm, LLC
82 Plantation Pointe Road, No. 288
Fairhope, AL 36532-1896
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com

*Co-counsel with:*
*Thompson Consumer Law Group, PC*

**Correspondence address:**

Thompson Consumer Law Group, PC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
TCLG@thompsonconsumerlaw.com

Attorneys for Jeremy Stark